ABBOTT *v.* DANEWOOD.

Where, in the trial of a traverse of an answer to a summons of garnishment, it was shown by the plaintiff that the garnishee had, more than three years before the service of the summons, admitted indebtedness to the defendant, while the garnishee testified that, subsequently to the time the admissions were made, a full settlement with the defendant had proved that the garnishee was not in any wise indebted to the defendant, and there was no evidence to contradict this testimony of the garnishee, the evidence was not sufficient to support a verdict sustaining the traverse.

Submitted May 1, — Decided June 7, 1902.

Certiorari.   Before Judge Fite.   Gordon superior court.   September 13, 1901.

*Cantrell & Ramsaur* and *R. J. & J. McCamy*, for plaintiff in error.   *Starr & Erwin*, contra.

SIMMONS, C. J.   Suit upon an account was brought by Mrs. Danewood against Harris, to the April term, 1901, of a justice's court.   The plaintiff also sued out a summons of garnishment against Abbott.   The latter answered, denying indebtedness to Harris; and this answer was traversed.   Upon the trial of the traverse, Mrs. Danewood and two other witnesses testified, in substance, that they had gone, in the latter part of the year 1897 or

January, 1898, to see Abbott and presented him an order from Harris on Abbott to pay Mrs. Danewood the amount owed by Harris; that Abbott at the time stated he owed Harris that amount, that he and Harris were jointly interested in the accounts for the services of a stallion, that he had not had a settlement with Harris, but that as soon as he collected the money he would pay Mrs. Danewood. Abbott testified that when Mrs. Danewood and the others called he stated to them that he had not had a settlement with Harris and did not know whether he was indebted to him or not, but that if upon settlement it turned out that he owed Harris he would pay Mrs. Danewood. He further testified that when subsequently he settled with Harris it was ascertained that he did not owe Harris anything, but that, on the contrary, Harris was indebted to him, and that he, therefore, did not pay Mrs. Danewood's claim. He further testified that he had not since that time become indebted to Harris. Under this evidence the jury returned a verdict in favor of the traverse, and judgment was rendered against Abbott for the amount of Mrs. Danewood's judgment against Harris. Abbott, being dissatisfied with the verdict, sued out a writ of certiorari to the superior court. Upon the hearing in that court the certiorari was overruled, and Abbott excepted.

In our opinion the court erred in not sustaining the certiorari. The admissions proved by the plaintiff's witnesses were made not later than January, 1898. The evidence showed that when Abbott made these admissions of indebtedness he also stated that he and Harris had not had any settlement of their accounts, and promised that when he collected the money he would pay Mrs. Danewood. Abbott testified that he subsequently ascertained upon a full settlement that Harris owed him. It will be seen that the admissions were made more than three years before the summons of garnishment was served upon the garnishee. In the meantime the settlement had been had, and it had turned out that Harris was indebted to Abbott. The evidence of the plaintiff did not contradict this. There was nothing to show that after the settlement Harris did not owe Abbott as the latter testified. The admissions, made three years before the summons was served, were, in our opinion, fully overcome by the evidence of the garnishee, and it was accordingly error to overrule the certiorari. It was argued that Abbott was bound by his verbal acceptance of the order on him by Harris

in favor of Mrs. Danewood. It is a sufficient reply to say that the proceeding was by garnishment to ascertain what he owed Harris, and not a suit against him on the acceptance of the order. Conceding the binding force of the acceptance of the order, it does not follow that he owed Harris three years later.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*